CHARLES LOWELL *vs.* CLARK DANIELS & others.

Where the plaintiff, in a bill in equity for the foreclosure of a mortgage, alleged that the premises were mortgaged to him by a grantee of the defendant's mother, and that the defendant claimed to hold the estate, as her heir at law, free from the incumbrance of the plaintiff's mortgage, on the ground, that at the time of her conveyance to the mortgagor, she then had a husband living who was not a party and did not give his consent to such conveyance; whereas (as the plaintiff alleged) the same was in fact made before the grantor's marriage, or, if made afterwards, was made for a valuable consideration, with the knowledge and consent of the defendant, and under circumstances, stated in the bill, which, if proved, might amount to an estoppel against him; — it was held, that, upon either ground, the plaintiff's remedy was at law and not in equity.

THIS was a bill in equity for the foreclosure of a mortgage. The material allegations in the bill were : That, on the 1st of August, 1834, Rachel Smith made a deed of certain premises therein described to John B. Horton, who thereupon entered and took possession of and occupied the same : That Horton, holding himself out as the owner of the premises, mortgaged the same to the plaintiff, by two deeds, dated on the 4th of August, 1836, and on the 21st of July, 1837, as security for the sum of $850, loaned by the plaintiff to Horton, to be expended upon and used in improving the premises, and which was in fact so expended and used : That, when the first of these loans was made, the plaintiff investigated the title of Horton to the premises, and found it apparently good, and was assured, both by Horton and by Rachel Smith, that it was good : That Rachel Smith resided with Horton on the premises, at the time the loans and mortgages were made, and knew of their being made, and of the purposes for which and of the circumstances under which they were made, and that Horton represented himself as the owner of the premises under her deed to him ; and she suffered the plaintiff to believe, that these representations were true, and aided Horton in causing the plaintiff to believe them : That the debts thus secured by mortgage were never paid, so that the plaintiff's estate in the premises became absolute at law ; and that Horton afterwards died intestate, leaving a widow and heirs, in whom his bene

ficial interest in the premises became vested, and to whom the plaintiff had frequently applied for payment : That Rachel Smith, who died in June, 1839, always admitted the title and interest of Horton, and of the plaintiff as his mortgagee, in the premises ; but that her heirs at law, the defendants, one of whom was the widow of Horton, since her decease, had denied that Horton ever had or acquired any right under Rachel Smith's deed to him, alleging that at the time the same was made she was a married woman and incompetent to make a deed without the consent and coöperation of her husband, and consequently that the deed was void ; whereas the plaintiff alleged, that if Rachel Smith was then a married woman, the deed was made by her for a valuable consideration, with the knowledge and consent of each and every one of her heirs at law, the defendants, who all had knowledge of the purposes and circumstances connected with the making of the same, and never intimated to the plaintiff, that Horton had no valid title to the premises : That if Horton had no title to the premises subject to the plaintiff's mortgages, " the said Rachel in her lifetime, and her heirs since her decease, did and do hold the said lands in trust for the benefit " of the plaintiff, " and subject to the repayment to him of said sums of money so expended in and about the said estate, and of the interest thereon : " That if the plaintiff had been informed of any defect in the title of Horton, in his lifetime, payment might then have been obtained of him ; but that the premises were now an inadequate security for the debt, and Horton's estate insufficient to pay the same.

The prayer of the bill was, that an account might be taken of what was due to the plaintiff on his mortgages; that the plaintiff's lien therefor might be declared and established ; that the defendants, or some of them, might be decreed to pay the plaintiff his debt and costs by a short day to be appointed by the court, the plaintiff being ready, on the same being so offered, to reconvey the premises, as the court might direct ; that in default of such payment, the defendants might be absolutely barred and foreclosed of their right to redeem

the premises; and that they might be decreed to hold the premises in trust for the plaintiff, and subject to the repayment to him of his debt and costs.

The answer admitted the conveyance to Horton and the mortgages by him to the plaintiff; but denied all knowledge, on the part of the defendants or any of them, of the proceedings of Horton, or of the existence of the deed by Rachel Smith to him, until after his death, and of all participation in the transactions between him and the plaintiff; and it alleged, that the deed from Rachel Smith to Horton, bearing date the 4th of August, 1834, was in fact made on the 31st of December, 1835, at which time Rachel Smith had a husband living, who did not give his consent to the same; that no consideration was paid to Rachel Smith for the conveyance; that the deed was falsely, fraudulently, and illegally procured by Horton, through misrepresentation, and not at the instance and request of the defendants, or either of them; and, that notwithstanding the matters and things stated in the bill, the defendants, by reason of the decease of Rachel Smith, became the lawful owners in fee simple of the premises, as her heirs at law.

A written argument was submitted by *C. W. Loring*, for the plaintiff. There was no argument for the defendants.

DEWEY, J. Upon the case made by the plaintiff, taking the same in the most favorable light, this bill in equity cannot be sustained. If the facts are truly alleged by the plaintiff, in reference to the time of the execution of the conveyance by Rachel Smith, the plaintiff has a good legal title, and he may proceed to foreclose his mortgage by an action at law. If the plaintiff has been deceived as to the state of the title, and took his mortgage under fraudulent representations, or designed concealment of her title on the part of Smith, and by such acts as would amount to an estoppel *in pais*, the plaintiff may avail himself of such grounds in a court of law.

In no aspect that the case is presented, will it warrant a proceeding in the present form.

*Bill dismissed.*